Frank Rauscher *v.* The Philadelphia Traction Co., Appellant.

*Negligence—Contributory negligence—Charge of court—Inadequate instruction.*

In an action of trespass for personal injuries occasioned by being struck by a street car, plaintiff testified that at a crossing he attempted to cross a street on which there were two street car tracks upon which cars ran in opposite directions; that before he stepped upon the track he stopped, looked and listened; that he crossed the west bound track, heard a noise behind him and, as he turned to ascertain the cause, was struck by a car running thereon; that the cars were going at a furious rate of speed without sounding a gong. He was contradicted as to speed and signals by a number of witnesses and corroborated by none. The court instructed the jury that "plaintiff says he stopped, looked and listened, a precaution which a man is bound to exercise before crossing a crowded thoroughfare; and after he does that, he does his whole duty and that is all he can be expected to do." *Held*, (1) that the attention of the jury, in submitting to them the question of defendant's negligence and plaintiff's contributory negligence, should have been particularly directed to the evidence upon which this question was to be determined by them; (2) that the instruction of the court was inadequate and misleading; (3) that the fact that he looked and listened before crossing the street did not excuse his want of ordinary care while crossing it.

Argued April 2, 1896.    Appeal, No. 186, Jan. T., 1896, by defendant, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1894, No. 374, on verdict for plaintiff.    Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ.    Reversed.

Trespass for personal injuries.    Before BIDDLE, J.

The facts sufficiently appear from the opinion of the Supreme. Court.

The trial judge charged the jury as follows :

This gentleman was waiting at the side of the street crossing indicated by the flagstones, which is the place where the crossing is most properly to be made, and he alleges when he was crossing there this car came without notice, this western car came without notice, and with great speed struck him and threw him over onto the track under another car going in a different direction, and there he suffered the injury which you have heard him detail to you, which resulted, as you have heard, in the painful injury of the loss of an arm.

[Now in his testimony he says he stopped, looked and listened, a precaution which a man is bound to exercise before crossing a crowded thoroughfare ; and after he does that he does his whole duty, and that is all he can be expected to do—to see the streets are in such a condition to make him believe he can safely cross them, assuming that these vehicles were using the ordinary and proper care, and especially are they bound to use this care when they come to these places where they are to expect foot passengers to cross.] [3]

The defendant denies he was guilty of any negligence, and says he was going at the ordinary rate of speed with all precaution, and that raises the question on the evidence, who do you believe was in the wrong in this case ? Do you believe the plaintiff was remiss in his duty ? If you do, your verdict should be for the defendant. Do you believe that he was exercising due care in his rights as a citizen, then they would be responsible for his injury.

The court refused binding instructions for defendant. [1]
Verdict and judgment for plaintiff for $5,200.

*Errors assigned* were, (1) refusing defendant's point asking binding instructions for defendant; (2) submitting case to jury; (3) charge of the court as above; (4) that the court erred in failing to instruct the jury that plaintiff was bound to exercise proper care while in the street, and to call their attention to the questions arising from the fact that having crossed the track in safety he stepped back upon or close to it.

*J. Howard Gendell*, with him *Henry C. McDevitt*, for appellant.—The court should have explained what facts constitute

negligence: R. R. Co. v. Enches, 127 Pa. 316. A person about to cross a track of a street railway is bound to look and listen before he starts, and if necessary to stop in order that he may do so: Buzby v. Traction Co., 126 Pa. 559; Thomas v. Ry. Co., 132 Pa. 504; Warner v. Ry. Co., 141 Pa. 615; Carson v. Ry. Co., 147 Pa. 219; Ehrisman v. Ry. Co., 150 Pa. 180; Wheelahan v. Traction Co., 150 Pa. 187; Omslaer v. Traction Co., 168 Pa. 519.

The gripman was not bound to anticipate the turning back of one who had already crossed the track: Chilton v. Traction Co., 152 Pa. 425; Flanagan v. Ry. Co., 163 Pa. 102; Traction Co. v. Bernheimer, 125 Pa. 615; R. R. Co. v. Spearen, 47 Pa. 300. Plaintiff's evidence that he heard no gong sounded was insufficient: Hauser v. R. R., 147 Pa. 440.

*J. S. Freemann*, with him *John F. Keator* and *Owen B. Jenkins*, for appellee.—This case is controlled by Schmidt v. McGill, 120 Pa. 405.

The cases cited by the appellant are clearly distinguishable by the facts and circumstances surrounding each particular accident.

The railway company's rights are not superior to that of the public at a public crossing or crowded thoroughfare: Gibbons v. Railway Co., 155 Pa. 279; Kestner v. Traction Co., 158 Pa. 422.

Where there is conflict of testimony material to the issue it is necessary to refer the case to the jury: Owens v. Railway Co., 155 Pa. 339; Ely v. Railway, 158 Pa. 233; Haney v. Traction Co., 159 Pa. 395; Jackson v. Traction Co., 159 Pa. 399; Lott v. Railroad, 159 Pa. 471; Iaquinta v. Traction Co., 166 Pa. 63; Howett v. Railroad, 166 Pa. 607; Thatcher v. Traction Co., 166 Pa. 66.

OPINION BY MR. JUSTICE McCOLLUM, July 15, 1896:

According to the plaintiff's description of the occurrence in question he had crossed the west bound tracks when he heard a noise back of him and as he turned around to ascertain the cause of it he was struck by the west bound car and thrown upon the east bound tracks where he was run over by the east bound car and seriously injured. Why he wanted to cross to the south side of Market street when he expected to take a west

bound car does not distinctly appear. If it was his purpose to learn from the policeman what west bound car he should take in order to reach his destination there was no occasion to cross to the south side of Market street to accomplish it. As the policeman stood near the crossing and between the east and west bound tracks he was as accessible from the north side of Market street as from the south side of it. The plaintiff before he attempted to cross Market street saw the car that struck him and the car that ran over him, and that they were approaching Seventh street from opposite directions. He said they were going very slow, that he could not see the slightest danger, and that he went over with the rest of the people until he "got across the first tracks." He also said that when he was struck and when he was run over "both were running at a furious rate without gonging." There was no positive corroboration of his statement in regard to the speed of the cars and the failure of the motorman to give the usual signals on approaching a crossing. Douglas was the only witness, called by the plaintiff, who was questioned as to the speed of the cars and the absence of signals, and he was standing at the southwest corner of Seventh and Market streets conversing with somebody when he heard that there was a man under the car. This was his first notice of the occurrence; previous to it he was not paying any attention to the cars; he could not say whether the car under which the plaintiff was caught was going slow or fast; he did "not hear a gong sounded," but it might have been rung without his hearing it. The testimony of the plaintiff in regard to speed and signals was flatly contradicted by a number of the defendant's witnesses. While we think that in this state of the evidence it was not the province of the court to acquit the defendant of negligence in running its cars, or to convict the plaintiff of contributory negligence in connection with the occurrence, we also think that the attention of the jury should have been particularly directed to the evidence on which these questions were to be determined by them. The instruction that if the plaintiff "was remiss in his duty" the verdict should be for the defendant was inadequate, and considered in connection with the previous definition of "his whole duty," it was misleading. Under the instruction in regard to his duty the jury might have understood without any misconstruction of the language of it, that although the plaintiff's neg-

ligence after he crossed the west bound tracks was the cause of the injury he received he was still entitled to compensation for it from the defendant if he stopped, looked and listened before he started across the street. At all events the jury could not justly be charged with stupidity in so construing it. If the plaintiff had attempted to cross the street without looking to see whether a car was approaching his act would have constituted negligence per se, but the fact that he looked and listened before doing so would not excuse his want of ordinary care while he was crossing it.

It was not claimed by the defendant that the plaintiff was negligent before he crossed the west bound tracks, and it was conceded by the plaintiff that the defendant's cars were running very slow when he first saw them approaching the crossing. Was there negligence on the part of the plaintiff after he crossed the west bound tracks, and if so was it the cause of, or contributory to, the accident? Was the speed of the cars increased and were the usual signals omitted, as they neared the crossing? These were the questions to be considered and passed upon by the jury upon the evidence in the case, and under instructions which clearly brought them to their attention. We have already seen that the plaintiff based his claim on the alleged extraordinary speed of the cars and the absence of the usual signals announcing their approach and have referred to the evidence relied on by him to sustain his claim and to the evidence submitted by the defendant in denial of it. The defendant's further contention was that the plaintiff having safely crossed the west bound tracks stopped in the center of the space between them and the east bound tracks and that while backing or turning towards the former he was struck by the west bound car. In other words the defendant alleged that the plaintiff's own negligence was the cause of the injury he received. As the court was not requested to call the attention of the jury to this particular contention of the defendant the failure to do so cannot be regarded as reversible error. But we think that the instruction in regard to the duty of the plaintiff in crossing the street was inadequate and misleading and because it was so we are constrained to reverse the judgment. We sustain the 3d specification of error and overrule the 1st, 2d and 4th.

Judgment reversed and venire facias de novo awarded.